IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 8:07CR71 |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND |
| ) | |
| MARTIN CAMPOS-CALDERON, ) | RECOMMENDATION |
| ) | |
| Defendant. ) | |

      This matter is before the court on the motion to determine age filed by defendant Martin Campos-Calderon (Campos-Calderon) (Filing No. 131). Campos-Calderon is charged in Count I of the Indictment with a conspiracy to distribute and possess with intent to distribute methamphetamine during the period of May 1, 2006 through February 2007, in violation of 21 U.S.C. § 846. He is also charged in Count V of the Indictment with the distribution of methamphetamine on July 10, 2006, and in Count XII of the Indictment with the distribution of methamphetamine on December 19, 2006, both Counts in violation of 21 U.S.C. § 841(a)(1). Campos-Calderon claimed to have been born on January 9, 1989, and to have been a juvenile at all material times of the Indictment. Campos-Calderon filed a motion to determine his age (Filing No. 131). If Campos-Calderon's date of birth is January 9, 1989, Campos-Calderon would have been seventeen years of age during the majority of the duration of the conspiracy alleged in Count I and seventeen years of age at the time of the commission of the offenses alleged in Counts V and XII. As such, Campos-Calderon asserts, he can not be tried as an adult under 18 U.S.C. § 5031 unless the Attorney General certifies prosecution in federal court and the court approves a transfer under 18 U.S.C. § 5032. Accordingly, the court will treat Campos-Calderon's motion as a dispositive motion to dismiss the Indictment against him.

      An evidentiary hearing was held on Campos-Calderon's motion on August 1, 2007. Campos-Calderon was present with his counsel, Donald L. Schense. Laura Garcia-Hein a certified interpreter in the Spanish Language, served as interpreter. The United States was represented by Assistant U.S. Attorney Kimberly C. Bunjer. Campos-Calderon

presented a Mexican birth certificate (Exhibit 101) and the government presented an NCIC printout (Exhibit 1). The hearing was continued at the request of both parties.

The hearing reconvened on September 18, 2007. Campos-Calderon was present with his attorney, Donald L. Schense. Laura Garcia-Hein served as a certified Spanish language interpreter. The United States was represented by Assistant U.S. Attorney Kimberly C. Bunjer. The court heard the testimony of Deportation Officer Justin Gellert (Officer Gellert) of the Bureau of Immigration Control Enforcement (ICE), Department of Homeland Security. The court also received into evidence Exhibit 101A, an English language translation of Exhibit 101, an application for appointment of counsel in Pottawattamie County, Iowa (Exhibit 2), and Certificate of Residence (Exhibit 102). Exhibit 102 was translated into the record by Ms. Garcia-Hein. The parties requested the record remain open for the filing of a birth certificate from the Mexican Consulate in Omaha and a Mexican Identification Card from the Mexican Consulate in Omaha. Exhibits [Exhibit 3 - a copy of an original birth certificate from the Mexican Consulate; and Exhibit 4 - a copy of a letter from the Mexican Consulate verifying the record] were filed with the court on September 26, 2007 (Filing No. 188).

## LEGAL ANALYSIS

Campos-Calderon claims his birth date as January 9, 1989, while the government asserts Campos-Calderon's birth date is January 9, 1987.

18 U.S.C. § 5031 provides that: "For the purposes of this chapter, a 'juvenile' is a person who has not attained his eighteenth birthday, or for the purpose of proceedings and disposition under this chapter for an alleged act of juvenile delinquency, a person who has not attained his twenty-first birthday, . . . ." 18 U.S.C. § 5032 provides:

> **A juvenile** alleged to have committed an act of juvenile delinquency, other than a violation of law committed within the special maritime and territorial jurisdiction of the United States for which the maximum authorized term of imprisonment does not exceed six months, **shall not be proceeded against in any court of the United States unless the Attorney General**, after investigation, **certifies** to the appropriate district court of the United States that (1) the juvenile court or other appropriate court of a State does not have jurisdiction or refuses to assume jurisdiction over said juvenile with respect

> to such alleged act of juvenile delinquency, (2) the State does not have available programs and services adequate for the needs of juveniles, or (3) the offense charged is a crime of violence that is a felony or an offense described in section 401 of the Controlled Substances Act (21 U.S.C. 841), or section 1002(a), 1003, 1005, 1009, or 1010(b)(1), (2), or (3) of the Controlled Substances Import and Export Act (21 U.S.C. 952(a), 953, 955, 959, 960(b)(1), (2), (3)), section 922(x) or section 924(b), (g), or (h) of this title, **and** that there is a substantial Federal interest in the case or the offense to warrant the exercise of Federal jurisdiction. (Emphasis Supplied).

18 U.S.C. § 5032 further provides, in part:

> [W]ith respect to a juvenile fifteen years and older alleged to have committed an act after his fifteenth birthday which if committed by an adult would be a felony that is a crime of violence or an offense described in section 401 of the Controlled Substances Act (21 U.S.C. 841) . . . criminal prosecution on the basis of the alleged act may be begun by motion to transfer of the Attorney General in the appropriate district court of the United States, if such court finds, after hearing, such transfer would be in the interest of justice.

When a conspiracy is charged, as in Count 1 of the Indictment, the Juvenile Delinquency Act does not prevent prosecution of a person as an adult if the person entered the conspiracy as a juvenile and there is a "threshold demonstration of post-eighteen conspiracy activity." ***United States v. Cruz***, 805 F.2d 1464, 1476 (11th Cir. 1986), **cert. denied**, 481 U.S. 1006 (1987). Since conspiracy is a continuing offense, proof that a person engaged in conspiratorial conduct after an eighteenth birthday does not preclude an adult prosecution. Accordingly, unless the government is unable to prove post-eighteen conspiracy activity or Campos-Calderon is unable to prove he withdrew from the conspiracy prior to his eighteenth birthday, Campos-Calderon's birth date is immaterial to Count I and he may be prosecuted as an adult.

The substantive Counts in Counts V and XII are a different matter. If Campos-Calderon's birth date is January 9, 1989, prosecution of Campos-Calderon as an adult would be barred unless the transfer requirements of the Juvenile Delinquency Act were met since Campos-Calderon would have been seventeen years of age at the time of the alleged

3

commission of the offenses in 2006. If Campos-Calderon was born on January 9, 1987, there would be no age impediment to continue the proceedings against him as an adult.

The court finds by <u>clear and convincing evidence</u> Campos-Calderon's birth date is January 9, 1987[1]. Such finding is based upon the birth certificate from the Mexican Consulate and the letters from the Mexican authorities relating to the birth certificate. The court does not accord any weight to Campos-Calderon's Certificate of Residence (Exhibit 102) due to its suspect origin and issuance. The court credits Deportation Officer Gellert's testimony regarding the ready availability of such a document for a small fee. The court credits the documents authenticated by the Mexican Consulate and Campos-Calderon's statement to the Pottawattamie County authorities regarding his date of birth, i.e., January 9, 1987.

**IT IS RECOMMENDED TO CHIEF JUDGE JOSEPH F. BATAILLON that:**

Campos-Calderon's motion (Filing No. 131) be denied.

## ADMONITION

Pursuant to NECrimR 57.3 any objection to this Report and Recommendation shall be filed with the Clerk of the Court within ten (10) days after being served with a copy of this Report and Recommendation. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 3rd day of October, 2007.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge

---

[1] The court is persuaded the burden of proof in this matter is that of a preponderance of the evidence since the issue before the court is similar to that involved in a transfer proceeding. **See *United States v. Parker***, 956 F.2d 169 (8th Cir. 1992) (preponderance of the evidence regarding transfer proceedings); **cf. *United States v. M.L.***, 811 F.Supp. 491 (C.D. CA, 1992) (clear and convincing evidence relating to transfer proceedings).